UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SCOTT BAUER,  )<br>  )<br>    Petitioner,  )<br>  )<br>vs.  )<br>  )<br>DOUGLAS WEBER, Warden, South  )<br>Dakota State Penitentiary; and  )<br>MARTY J. JACKLEY, Attorney  )<br>General, State of South Dakota,  )<br>  )<br>    Respondents.  ) | Civ. 12-5009-KES<br><br>ORDER VACATING JUDGMENT<br>AND DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

    Petitioner, Scott Bauer, filed a pro se petition for relief under 28 U.S.C. § 2241 on July 28, 2011, in the Eastern District of Virginia. Docket 1. On February 22, 2012, Bauer's § 2241 petition was transferred to the District of South Dakota (Docket 13), and shortly thereafter, this court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Bauer's § 2241 petition (Docket 16). On September 7, 2012, Magistrate Judge Simko issued a report and recommendation finding that the subject matter of Bauer's petition was "outside the boundaries of relief which may be sought through a § 2241 Petition." Docket 21 at 3. Moreover, Judge Simko found that Bauer's actual innocence claim failed on the merits. *Id.* at 5–6.

On September 25, 2012, the court granted Bauer an extension of time to respond to the magistrate judge's report and recommendation. Docket 22; Docket 23. At the expiration of the November 26, 2012 deadline, however, the court had not received Bauer's objections. Accordingly, on December 6, 2012, the court adopted Judge Simko's report and recommendation and dismissed Bauer's § 2241 petition. Docket 24. Then, on December 26, 2012, the court received Bauer's objections, which indicated that he had actually mailed his objections on November 20, 2012. Docket 25 at 19–20. Bauer brought this to the court's attention in a motion for relief from judgment, wherein he represented that he delivered two copies of his objections to the prison mail room on November 20, 2012. Docket 26. After a series of extensions (Docket 28; Docket 30), the defendants responded in opposition to Bauer's motion for reconsideration (Docket 31).

## DISCUSSION

For the reasons set forth below, the court grants Bauer's motion for relief from judgment and vacates its order dated December 6, 2012, so it may consider on the merits Bauer's objections to the magistrate judge's report and recommendation. After reviewing Bauer's objections to Magistrate Judge Simko's report and recommendation, the court finds that Bauer is not entitled to relief under 28 U.S.C. § 2241.

## I. Bauer's Motion for Relief from Judgment Is Granted; the Court Vacates the December 6, 2012, Order Dismissing Bauer's Case.

Pursuant to Federal Rule of Civil Procedure 60(b), Bauer has requested relief from this court's order of dismissal. Docket 26. Rule 60(b) permits the court to "relieve a party . . . from a final judgment, order, or proceeding" for various enumerated reasons, including "any . . . reason that justifies relief." Here, the court entered its order of dismissal on December 6, 2012, because it had not received Bauer's objections to the magistrate judge's recommendation that Bauer's § 2241 petition be denied. The court later discovered, however, that Bauer did in fact file his objections in a timely manner by delivering his objections to prison authorities on November 20, 2012, well before the November 26, 2012 deadline for objections. Under the prison mailbox rule, a document filed by a pro se prisoner is "filed" at the time the prisoner delivers the document to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, Bauer's objections to Judge Simko's report and recommendation were timely. The court therefore vacates its order dated December 6, 2012 (Docket 24) to consider Bauer's objections (Docket 25) to the report and recommendation.

## II. The Court Adopts Magistrate Judge Simko's Report and Recommendation.

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Bauer objects to Magistrate Judge Simko's finding that the district court lacks jurisdiction to entertain Bauer's § 2241 petition. Docket 25 at 1. Bauer maintains that the district court has jurisdiction to consider his § 2241 petition because (1) he is asserting a claim of actual innocence, and (2) he never had an unobstructed procedural opportunity to raise the claim. *Id.* at 2–11. Alternatively, Bauer argues that the court has jurisdiction to consider his § 2241 petition pursuant to the "miscarriage of justice" exception. *Id.* at 11–12. Bauer also objects to the magistrate judge's finding that, even if the court had jurisdiction to consider Bauer's § 2241 petition, Bauer would not be entitled to relief since he failed to establish that he was actually innocent of the charges which were dismissed in exchange for Bauer's guilty plea. *Id.* at 12–15. Finally, Bauer objects to the magistrate judge's finding that the ruling in *Watson v. United States*, 552 U.S. 74 (2007), was not retroactive to cases on collateral review. *Id.* at 15–19. The court has reviewed de novo the issues raised by Bauer's objections.

### A. The District Court Does Not Have Jurisdiction to Consider Bauer's § 2241 Petition.

In his first objection, Bauer asserts that the district court does, in fact, have proper jurisdiction to consider his § 2241 petition because the petition was filed pursuant to the "savings clause" found at § 2255(e), which states as follows:

> [an application for habeas relief] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

According to Bauer, the relief afforded to him by his original § 2255 petition was inadequate or ineffective because his attorney failed to amend the § 2255 petition to include a claim for actual innocence under *Watson v. United States*, 552 U.S. 74 (2007)—a Supreme Court case decided during the pendency of Bauer's § 2255 petition and holding that "given ordinary meaning and the conventions of English, . . . a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."[1] *Watson*, 552 U.S. at 83. In other words, Bauer asserts that the ineffective assistance of habeas counsel prevented him from having "an unobstructed procedural opportunity to raise the [actual innocence] claim." Docket 25 at 3.

---

[1] Bauer asserts that *Watson* decriminalized the conduct for which Bauer was originally convicted because he did not "use" a firearm. Docket 1 at 4; Docket 2 at 4. Accordingly, Bauer contends that he is actually innocent of the crime for which he is currently incarcerated. Docket 2 at 4.

It is well established that "[t]here is no federal constitutional right to the effective assistance of post-conviction counsel." *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004). Bauer cannot, therefore, establish that his original § 2255 petition was inadequate or ineffective merely because his attorney's ineffectiveness obstructed his opportunity to plead actual innocence. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted)(holding that the district court did not have jurisdiction to consider petitioner's § 2241 petition because the petitioner, who argued that the ineffective assistance of counsel obstructed his procedural opportunity to present an actual innocence claim, failed to establish that § 2255 was inadequate or ineffective; and further noting that the constitution does not require that a procedural opportunity be recognized by a petitioner or his attorney, but only that the procedural opportunity have existed).

Nonetheless, Bauer maintains that in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the ineffective assistance of his § 2255 counsel, which "resulted in the obstruction of Bauer's procedural opportunity to present his *Watson* claim . . . may serve as cause to excuse the procedural default of his claim." Docket 25 at 4. The court has reviewed *Martinez* and finds that it is not on point. In *Martinez,* the Supreme Court held that state prisoners who are required by state law to raise ineffective assistance of trial counsel claims in an initial-review collateral proceeding rather than on direct appeal may establish

6

cause for procedural default of such claim where appointed counsel in the initial-review collateral proceeding was also ineffective. Because Bauer is not attempting to raise a claim for ineffective assistance of trial counsel, the narrow *Martinez* holding is inapplicable here. *See Martinez*, 132 S. Ct. at 1320 (noting that "[t]he rule of *Coleman*," which held that an attorney's errors in a post-conviction proceeding do not qualify as cause for procedural default, "governs in all but the limited circumstances recognized here").

Thus, the magistrate judge correctly determined that Bauer's § 2255 petition provided adequate opportunity to raise an actual innocence claim under *Watson*. By failing to present the argument through an amendment to his initial § 2255 petition or in a timely second § 2255 petition, Bauer procedurally defaulted such claim. This court therefore lacks subject matter jurisdiction to entertain Bauer's § 2241 petition.[2]

---

[2] With respect to Bauer's alternative argument that the court can exercise jurisdiction over his § 2241 petition under the miscarriage of justice exception, the court finds that such exception is not available in this context. Bauer's initial § 2255 petition was not inadequate or ineffective to correct an apparent fundamental miscarriage of justice. The § 2255 petition could have been amended to include Bauer's actual innocence claim, but Bauer and his attorney failed to do so. A § 2255 petition is not " 'inadequate or ineffective' merely because . . . § 2255 relief has already been denied," or because the petitioner is procedurally barred from pursuing relief under § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). The United States Supreme Court has made it clear: "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

### B.     Bauer Has Failed to Establish Actual Innocense with Respect to Either of His Subsequent § 924(c) Charges.

Bauer objects to the magistrate judge's finding that Bauer's claim fails on the merits because he failed to establish actual innocence of the more serious charges the government dismissed in exchange for Bauer's guilty plea. Docket 25 at 12–15. Bauer maintains that the charges against him which were dropped were not more serious than the charges for which he was convicted. *Id.* Thus, Bauer asserts that he need not establish actual innocence with regard to his dismissed charges. *Id.*

As explained by Magistrate Judge Simko, "to make an actual innocence showing sufficient to set aside his conviction [Bauer] would 'have to prove not only actual innocence of the gun charge but also of the more serious charges the government dismissed in exchange for the guilty plea.' " Docket 21 at 5 (quoting *Abdullah*, 392 F.3d at 957 n.2 (citations omitted)). In determining which charge is most serious, the Eighth Circuit looks to the actual punishment associated with the charge as opposed to the statutory maximum. *United States v. Halter*, 217 F.3d 551, 553 (8th Cir. 2000) (citing *United States v. Lloyd*, 188 F.3d 184 (3d Cir. 1999)).

In the instant case, the government dismissed six of the eight counts with which Bauer was initially charged, including four distribution counts (I, VI, VIII, and X), a felon in possession count (XII), and one count of carrying a firearm during a drug trafficking crime (Count VII). The four distribution

8

counts and the felon in possession count would be grouped together to arrive at an advisory sentencing guideline range of 60 to 71 months.[3] The additional count of carrying a firearm during a drug trafficking crime (Count VII) carries a mandatory minimum of 25 years, to be served consecutively. The actual punishment associated with the charges for which Bauer was convicted, on the other hand, included 30 months as to Count IX and 200 months as to Count XI, to be served consecutively.

Based on this information, it is clear that the distribution counts, even if not dismissed, are less serious than the charges for which Bauer was convicted. Nonetheless, the additional dismissed charge (Count VII) is at least as serious as Bauer's conviction for Count XI, because had Count VII not been dismissed, it too would have been considered a subsequent conviction under §

---

[3] The four distribution counts and the felon in possession count would be grouped together to arrive at an Offense Level of 26 under USSG § 2D1.1(c)(7). Due to the § 924(c) convictions, the firearm enhancement would not be applied to this Offense Level. But taking into consideration Bauer's acceptance of responsibility, the Offense Level would be decreased three levels to arrive at a total Offense Level of 23. Bauer would receive three criminal history points for his 1990 conviction for distribution of a controlled substance, and one criminal history point for his 1996 conviction for simple assault, for a total of four criminal history points. Bauer's total criminal history points establishes a criminal history category of III. With a total offense level of 23 and a criminal history category of III, the advisory guideline range for imprisonment on Counts I, VI, VIII, X, and XII is 57 to 71 months. Count I, however, carries a mandatory minimum of 60 months, so the advisory guideline range would actually be 60 to 71 months. Bauer is exposed to a maximum advisory guideline sentence of 71 months on each of Counts I, VI, VIII, X, and XII. Pursuant to USSG § 5G1.2, the court may impose each of these sentences to run concurrently, partially concurrently, or consecutively.

§ 924(c), thus subjecting Bauer to an additional 25-year mandatory consecutive sentence. For reasons explained below, even if this court had jurisdiction to entertain this § 2241 petition, Bauer would be unable to establish actual innocence with regard to any of his § 924(c) charges.

The court therefore adopts the magistrate judge's finding in part. Bauer would not have to establish actual innocence with regard to the distribution or felon in possession charges because those charges are less serious than his subsequent § 924(c) convictions. Bauer would still need to prove his actual innocence with regard to the dismissed § 924(c) charge, however, because that charge is at least as serious as the second § 924(c) charge for which he was convicted; and Bauer would also need to prove his actual innocence with regard to the subsequent § 924(c) charge for which he was convicted. Because Bauer cannot establish actual innocence of either the § 924(c) charge for which he was convicted or the § 924(c) charge which was dismissed, the court adopts the magistrate judge's finding insofar as it concludes that Bauer has not made an actual innocence showing sufficient to set aside his conviction.

    **C.**    **The Ruling in *Watson* Is Not Retroactive in Application.**

Bauer objects to the magistrate judge's finding that the holding in *Watson* is not retroactive in application. Docket 25 at 15–19. Bauer asserts that, although the Supreme Court did not explicitly state whether its holding in *Watson* was to be applied retroactively, the district court can make that

determination. *Id.* Bauer bases this argument on *United States v. Thomas*, 627 F.3d 534 (4th Cir. 2010), wherein the Fourth Circuit Court of Appeals held that the decision in *Watson* announced a new substantive rule that applied retroactively to initial § 2255 petitions.

The instant petition, however, is not Bauer's initial § 2255 petition. Accordingly, Bauer is subject to the requirements of 28 U.S.C. § 2255(h). As the court in *Thomas* specified, the statutory language governing retroactivity for purposes of § 2255(h) "provides that '[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.' " *Thomas*, 627 F.3d at 536 (emphasis in original) (quoting 28 U.S.C. § 2255(h)(2) ). Because the Court in *Watson* did not explicitly establish that its holding could be retroactively applied to cases on collateral review, the court adopts the magistrate judge's finding that, even if the district court had jurisdiction to consider Bauer's § 2241 petition, he could not assert actual innocence under *Watson*. Accordingly, it is

ORDERED that Bauer's motion for relief from judgment (Docket 26) is granted. The court's order dated December 6, 2012 (Docket 24) is vacated.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 21) is adopted in its entirety. Bauer has

procedurally defaulted his actual innocence claim. The court therefore rejects Bauer's objections to Magistrate Judge Simko's report and recommendation (Docket 25) and denies Bauer's § 2241 application for relief (Docket 1).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

Dated May 30, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE